UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JASON KOENIG,<br>        Plaintiff, | CIVIL ACTION NO.<br>3:13-CV-1870 (JCH) |
| v. | |
| CITY OF NEW HAVEN et al.,<br>        Defendants. | OCTOBER 1, 2015 |

**RULING RE: DEFENDANT CITY OF NEW HAVEN'S MOTION TO DISMISS (DOC. NO. 53)**

**I.   INTRODUCTION**

Plaintiff, Jason Koenig ("Koenig"), brings this action against the defendant, City of New Haven ("the City"), alleging disability discrimination.  See Third Amended Complaint (Doc. No. 54) ("Compl.").[1]  The City has moved to dismiss the Complaint for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, based on the City's claim that Koenig has failed to exhaust his administrative remedies.

**II.   FACTS[2]**

Koenig is a sergeant in the New Haven Police Department.  Compl. ¶ 13.  He was injured in the line of duty multiple times, including in a head-on automobile collision that required him to be out of work for medical treatment and rehabilitation.  Id. ¶¶ 16–

---

[1] The Complaint, prepared by Attorney William Palmieri, continues to refer to New Haven Police Chief Dean Esserman as a defendant, see Compl. ¶¶ 10, 28-29, 31-34, despite the fact that Esserman was dismissed as a defendant on January 14, 2014, see Order (Doc. No. 40).  If Attorney Palmieri again refers to Esserman as a defendant in any filing related to this case, the court will sanction Attorney Palmieri.

[2] For the purposes of a motion pursuant to Rule 12(b)(6), the court accepts as true all well-pled allegations in the complaint.  The court accordingly derives the proceeding description of the facts of this case from the Third Amended Complaint.

18.  Around May 2012, Koenig learned that, "due to his disability, [the City] was targeting him upon his return to work from medical leave.  Koenig learned that he was to be 'hammered'; that is, that supervisors of the defendant City were instructed to create situations allowing the defendant to impose discipline upon him . . . and that supervisors were ordered to make the plaintiff's work . . . difficult . . . ."  Id. ¶¶ 20, 22.  At Koenig's request, his Union President made a complaint substantially to this effect with the City, which denied such wrongdoing.  Id. ¶¶ 22–23.  The day after denying wrongdoing, the City subjected Koenig to an "Independent Medical Examination."  Id. ¶ 24.  The resulting report "recognized that [Koenig] suffers from a permanent disability of his back[,] claimed that the plaintiff was likely at maximum medical improvement, and claimed that it would be 'foolish' of the [City] to put him back on full duty."  Id. ¶ 25.

"[O]n June 18, 2012, the defendant sent the plaintiff a letter falsely claiming that the plaintiff could not perform the essential functions of his job, and indicated that it would, in all likelihood commence termination proceedings."  Id. ¶ 27.  "Thereafter, [Koenig] was called to the office of [the] Police Chief . . . believ[ing] that this was simply a 'meet and greet'" with the newly-appointed official.  Id. ¶ 28.  Present at the office were the Police Chief, "several Deputy Chiefs and ranking officers," and the Union President.  Id. ¶¶ 29, 35.  At the meeting, the Police Chief "stated that the plaintiff 'ha[d] the worst record' that he had ever seen in twenty years of police administration."  Id. ¶ 31.  He also commented on Koenig's "sensitive, confidential protected health information."  Id. ¶ 32; see also id. ¶ 33 (comments on "injuries, medical conditions and disability").  The Police Chief told Koenig "that this meeting was a 'counseling session[,]' [which is] a form of disciplinary action, and only conducted when an employee of the

defendant is perceived to have done something wrong." Id. ¶ 34. He also told Koenig "that discipline could be imposed upon" him. Id. ¶ 37. On or about August 15, 2013, the City "subjected [Koenig] to a protracted Internal Affairs investigation" in which the City "alleged that [Koenig] had made a racist remark." Id. ¶ 39. On or about April 23, 2014, the City "engaged in tangible adverse employment action, punitively suspending the plaintiff for two weeks without pay." Id. ¶ 40.

## III. LEGAL STANDARD

On a motion to dismiss under Rule 12(b)(6), a court properly considers the complaint and, by extension from and in addition to the complaint, "documents plaintiffs had either in [their] possession or had knowledge of and upon which they relied in bringing suit." Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 48 (2d Cir. 1991). The court takes all of "the factual allegations of the complaint to be true and draw[s] all reasonable inferences in the plaintiff's favor." Warren v. Colvin, 744 F.3d 841, 843 (2d Cir. 2014). Dismissal of a claim is appropriate if, despite this favorable reading, the complaint fails to allege "enough facts to state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007). The requirement to allege "facts" means that "bald assertions" and "merely conclusory allegations" do not suffice. Jackson v. Cnty. of Rockland, 450 F. App'x 15, 19 (2d Cir. 2011); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A complaint is "plausible on its face" if the facts that the plaintiff pleads "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. That is, the complaint must raise "more than a sheer possibility that a defendant has acted unlawfully"; that is, it must do more than "plead facts that are 'merely consistent with' a

defendant's liability." Id. "Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679.

## IV. DISCUSSION

### A. Failure to state a claim

The City argues that all four counts of the Third Amended Complaint should be dismissed for failure to state a claim because Koenig has not pled "sufficient facts to establish that he is disabled," as is required by each of the statutes upon which Koenig bases his claims.  See Memorandum of Law in Support of Motion to Dismiss Counts One, Two, Three and Four by the City of New Haven 4-8 (Doc. No. 53-1) ("Def.'s Mem. in Supp.").

#### i. Counts One and Two: Americans with Disabilities Act

The ADA states that, "[n]o covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."  42 U.S.C. § 12112(a). Accordingly, in order to fall within the ambit of the ADA, Koenig must allege, inter alia, that he is "disabled within the meaning of the ADA." Palmieri v. City of Hartford, 947 F.Supp.2d 187, 198 (D. Conn. 2013).  The ADA defines "disability" as: "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1).  Koenig attempts to plead that he was disabled under either subsection A or C.  To claim that he is disabled within the meaning of

4

subsection A, Koenig must allege: (1) that he suffers from a physical or mental impairment, (2) that the impairment substantially limits his ability to perform an activity, and (3) that the activity qualifies as a major life activity.  See Weixel v. Bd. of Educ. of City of New York, 287 F.3d 138, 147 (2d Cir. 2002).  However, to claim that he is regarded as disabled within the meaning of subsection C, Koenig must allege only that he was perceived as suffering from a physical or mental impairment.  He does not need to allege that the impairment limits or is perceived to limit a major life activity.  See 42 U.S.C. § 12102(3)(A) ("An individual meets the requirement of "being regarded as having such an impairment" if the individual establishes that he or she has been subjected to an action prohibited under this chapter because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity"); see also Rodriguez v. Vill. Green Realty, Inc., 788 F.3d 31, 49 n. 18 (2d Cir. 2015); Hilton v. Wright, 673 F.3d 120, 128-30 (2d Cir. 2012).

      The City implicitly concedes that Koenig has sufficiently alleged that he suffers from a physical impairment.  Specifically, Koenig alleges that he suffers from a "permanent disability to his back."  Compl. ¶ 6.  Rather, the City focuses its argument on its view that Koenig has failed to allege that his back injury substantially limits his ability to perform a major life activity.  The ADA defines "major life activities" as including, but not limited to, "caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working."  42 U.S.C. § 12102(2)(A).  The ADA does not define "substantially limits."  However, the Equal Employment

5

Opportunity Commission has stated that the term " '[s]ubstantially limits' is not meant to be a demanding standard." 29 C.F.R. § 1630.2(j)(1).

That said, nowhere in the Complaint does Koenig allege that the "permanent disability to his back" has limited him whatsoever, let alone substantially, from performing a major life activity. In fact, at two separate places in the Complaint, Koenig asserts that his back injury has not substantially limited his ability to perform his occupation. See Compl. ¶ 7 ("The plaintiff is able to complete the essential functions of his employment with or without reasonable accommodation); Compl. ¶ 26 ("The plaintiff is, and has been, perfectly able to fulfil [sic] the essential employment functions of a light duty employee, with or without reasonable accommodations"). At no other point does Koenig allege that the back injury affected his ability to perform any of the other major life activities identified in the ADA, nor does he allege that it affected his ability to perform some other activity that, while not identified by the ADA as a major life activity, nevertheless constitutes one. As a result, the Complaint does not allege that Koenig suffered a disability, within the meaning of the ADA. To the extent that Koenig attempts to allege a "regarded as" ADA claim, his allegations are conclusory and not supported by sufficient facts to withstand a motion to dismiss.

      ii.    Count Three: Rehabilitation Act

"Unless one of [the] subtle distinctions" that exist between the ADA and the Rehabilitation Act "is pertinent to a particular case, we treat claims under the two statutes identically." Henrietta D v. Bloomberg, 331 F.3d 261, 272 (2d Cir. 2003). None of the subtle distinctions is pertinent to this case. Thus, for the same reasons that Koenig has failed to allege a violation of the ADA, he has failed to allege a violation of the Rehabilitation Claim.

### iii.     Count Three: Connecticut Fair Employment Practices Act

Because the court has dismissed both of Koenig's claims brought under federal law, the court declines to exercise supplemental jurisdiction over Koenig's state law claim.  See 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if the district court has dismissed all claims over which it has original jurisdiction").

### B.  Lack of subject matter jurisdiction – failure to exhaust administrative remedies

Because the court concludes that Koenig has failed to allege either an ADA or Rehabilitation Act violation, and because the court has declined to exercise supplemental jurisdiction over Koenig's CFEPA claim, the court need not address the City's argument that Koenig's claim should be dismissed because he has failed to exhaust his administrative remedies.  That being said, the court will make two points.  First, exhaustion is not a jurisdictional prerequisite for ADA claims.  See Holtz v. Rockefeller & Co., Inc, 258 F.3d 62, 82 n. 5 (2d Cir. 2001) ("[W]e recently made clear that 'the failure to exhaust administrative remedies is a precondition to bringing a Title VII claim in federal court, rather than a jurisdictional requirement' ") (quoting Francis v. City of New York, 235 F.3d 763, 768 (2d Cir. 2000)); see also Rieger v. Orlor, Inc., 427 F.Supp.2d 105, 114 (D. Conn. 2006) (applying Title VII enforcement provisions, including exhaustion requirement, to ADA).  The City concedes as much.  See Def.'s Mem. in Supp. at 9.  Accordingly, the Motion to Dismiss on this ground should have been made pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, not Rule

7

12(b)(1).  See Demarco v. JP Morgan Chase, No. 10-CV-4110 (NGG)(VVP), 2011 WL 1837787, at *1 (E.D.N.Y. May 13, 2011) ("A plaintiff's failure to exhaust administrative remedies before bringing an ADA claim in federal court is a proper basis for dismissal under rule 12(b)(6)").  Second, the court notes that Koenig has not responded at all to the City's argument that he has failed to exhaust his administrative remedies.  In the event that Koenig files another complaint, and in the event that the City once again argues that Koenig has failed to exhaust his administrative remedies, the court cautions Koenig that he would do well to respond to this argument.

**V.     CONCLUSION**

The Motion to Dismiss (Doc. No. 53) is **GRANTED**.  The court allows the plaintiff leave to replead his claims against the City no later than two weeks from entry of this Ruling.  To the extent that the plaintiff seeks to allege that he disabled under 42 U.S.C. § 12102(1)(A), the plaintiff must allege that his "permanent back disability" substantially limited his ability to perform a major life activity.  To the extent that the plaintiff seeks to allege that he is disabled under 42 U.S.C. § 12102(1)(C), he must provide more than a conclusory assertion that the City regarded him as suffering from a physical or mental impairment.  The court will not grant the plaintiff any extensions to this deadline and, if an amended pleading has not been filed within two weeks of entry of this Ruling, the court will dismiss the case with prejudice.

**SO ORDERED**.

Signed at New Haven, Connecticut this 1st day of October 2015.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge