UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JASON KOENIG,<br>  Plaintiff,<br><br>v.<br><br>CITY OF NEW HAVEN,<br>  Defendant. | CIVIL ACTION NO.<br>3:13-CV-1870 (JCH)<br><br><br>APRIL 1, 2016 |

**RULING RE: DEFENDANT'S MOTION TO DISMISS (DOC. NO. 60)**

**I. INTRODUCTION**

Plaintiff, Jason Koenig ("Koenig"), brings this action against the defendant, City of New Haven ("the City"), alleging disability discrimination in violation of the Americans with Disabilities Act of 1990 ("ADA"), the Rehabilitation Act of 1973, and the Connecticut Fair Employment Practices Act ("CFEPA").  See Fourth Amended Complaint (Doc. No. 59) ("Fourth Am. Compl."). The City has moved to dismiss, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Fourth Amended Complaint for failure to state a claim upon which relief can be granted, on the ground that Koenig has failed to exhaust his administrative remedies.

**II. FACTS[1]**

Koenig is a sergeant in the New Haven Police Department. Fourth Am. Compl. ¶ 16. He was injured in the line of duty multiple times, including in a head-on automobile collision that required him to be out of work for medical treatment and rehabilitation. Id. ¶¶ 18-21. Koenig suffers from "permanent disability to his back, shoulder and neck." Id.

---

[1] For the purposes of a motion pursuant to Rule 12(b)(6), the court accepts as true all well-pled allegations in the complaint. The court accordingly derives the proceeding description of the facts of this case from the Fourth Amended Complaint.

¶ 6.  Specifically, he suffers from: "lumbar spondylosis and lumbar degenerative disc disease," id. ¶ 7; "permanent partial disability to [his] left minor shoulder," id. ¶ 8; and, "permanent impairment to his cervical spine," including a "herniated disc at L5-S1," id. ¶ 9.  "These impairments substantially limit [Koenig's] major life activities of, inter alia, bending, sitting, flexing and extending."  Id. ¶ 10.

Around May 2012, Koenig learned that, "due to his disabilities, [the City] was targeting him upon his return to work from medical leave.  [Koenig] learned that he was to be 'hammered'; that is, that supervisors of the defendant City were instructed to create situations allowing the defendant to impose discipline upon him . . . and that supervisors were ordered to make the plaintiff's work . . . difficult . . . ."  Id. ¶¶ 23, 25.  At Koenig's request, his Union President made a complaint substantially to this effect with the City, which denied such wrongdoing.  Id. ¶¶ 25-26.  The day after denying wrongdoing, the City subjected Koenig to an "Independent Medical Examination."  Id. ¶ 27.  The resulting report "recognized that [Koenig] suffers from permanent impairment to his lumbar and cervical spine."  Id. ¶ 28.

"[O]n June 18, 2012, the defendant sent the plaintiff a letter falsely claiming that the plaintiff could not perform the essential functions of his job, and indicated that it would, in all likelihood commence termination proceedings."  Id. ¶ 30.  "Thereafter, [Koenig] was called to the office of then newly appointed Police Chief of the [City], id. at ¶ 31, believing that the meeting was a "meet and greet," id. ¶ 32.  Present at the office were the Police Chief and "several Deputy Chiefs and ranking officers" of the City, as well as the Union President.  Id. ¶¶ 33, 39.  At the meeting, the Police Chief "stated that the plaintiff 'ha[d] the worst record' that he had ever seen in twenty years of police

2

administration." Id. ¶ 35.  He also commented on Koenig's "sensitive, confidential protected health information." Id. ¶ 36.  The Police Chief told Koenig "that this meeting was a 'counseling session[,]' [which is] a form of disciplinary action, and only conducted when an employee of the defendant is perceived to have done something wrong." Id. ¶ 38.  He also told Koenig "that discipline could be imposed upon" him. Id. ¶ 41.  On or about August 15, 2013, the City "subjected [Koenig] to a protracted Internal Affairs investigation" in which the City "alleged that [Koenig] had made a racist remark." Id. ¶ 42.  On or about April 23, 2014, the City "engaged in tangible adverse employment action, punitively suspending the plaintiff for two weeks without pay." Id. ¶ 43.

Koenig claims to have "exhausted his administrative remedies prerequisite to suit, and has received a Release of Jurisdiction from the Connecticut Commission on Human Rights and Opportunities [("CCHRO")] and a Right to Sue Letter from the Equal Employment Opportunities Commission [("EEOC")]." Id. ¶ 47.  Koenig has filed two complaints with the CCHRO, one dated November 26, 2012, and one dated February 20, 2015.  See Objection to Defendant City of New Haven's Motion to Dismiss Fourth Amended Complaint Ex. 1 (Doc. No. 63-2) ("2012 CCHRO / EEOC Compl."), Ex. 2 (Doc. No. 63-3) ("2015 CCHRO / EEOC Compl.").

### III.  LEGAL STANDARD

On a motion to dismiss under Rule 12(b)(6), a court properly considers the complaint and, by extension from and in addition to the complaint, "documents plaintiffs had either in [their] possession or had knowledge of and upon which they relied in bringing suit." Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 48 (2d Cir. 1991).  The court takes all of "the factual allegations of the complaint to be true and draw[s] all

reasonable inferences in the plaintiff's favor." Warren v. Colvin, 744 F.3d 841, 843 (2d Cir. 2014). Dismissal of a claim is appropriate if, despite this favorable reading, the complaint fails to allege "enough facts to state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007). The requirement to allege "facts" means that "bald assertions" and "merely conclusory allegations" do not suffice. Jackson v. Cnty. of Rockland, 450 F. App'x 15, 19 (2d Cir. 2011); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A complaint is "plausible on its face" if the facts that the plaintiff pleads "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. That is, the complaint must raise "more than a sheer possibility that a defendant has acted unlawfully"; that is, it must do more than "plead facts that are 'merely consistent with' a defendant's liability." Id. "Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679.

## IV.  DISCUSSION

The sole argument advanced by the City in support of its Motion to Dismiss is that Koenig failed to exhaust his administrative remedies prior to bringing suit. Plaintiffs bringing suit under the ADA, the Rehabilitation Act, and the CFEPA must exhaust their administrative remedies prior to bringing suit. See Hoffman v. Williamsville School Dist., 443 Fed.Appx. 647, 649 (2d Cir. 2011) (ADA); Powell v. Donahoe, 519 Fed. Appx. 21, 22 (2d Cir. 2013) (Rehabilitation Act); Zawacki v. Realogy Corp., 628 F.Supp.2d 274, 281-82 (D. Conn. 2009) (CFEPA). A plaintiff has sufficiently exhausted the available administrative remedies when the plaintiff's claims "were either included in an EEOC

charge or are based on conduct subsequent to the charge which is 'reasonably related' to that alleged in the EEOC charge." Sussle v. Sirina Protection Sys. Corp., 269 F.Supp.2d 285, 314 (S.D.N.Y. 2003) (quoting Butts v. City of New York Dep't of Housing Pres. and Dev., 990 F.2d 1397, 1401 (2d Cir. 1993)).  The suffering of an adverse employment action is an element of ADA, Rehabilitation Act, and CFEPA claims.  See Jacques v. DiMarzio, Inc., 386 F.3d 192, 198 (2d Cir. 2004) (ADA); D'Amico v. City of New York, 132 F.3d 145, 150 (2d Cir. 1998) (Rehabilitation Act); Adams v. Festival Fun Parks, LLC, 560 Fed.Appx. 47, 50 (2d Cir. 2014) (CFEPA).  Thus, the adverse employment action allegedly suffered must be included in the charge brought before the CCHRO / EEOC.

     The court concludes that Koenig, although just barely, has satisfied the exhaustion requirement with the filing of his 2015 CCHRO / EEOC Complaint.  The 2015 CCHRO / EEOC Complaint was filed on February 20, 2015, and the Fourth Amended Complaint was filed on October 14, 2015.  In the 2015 CCHRO / EEOC Complaint, Koenig claims that the City violated the ADA, the Rehabilitation Act, and the CFEPA.  See 2015 CCHRO / EEOC Compl. at 1-2.  These are the same three statutes that Koenig claims the City violated in the Fourth Amended Complaint.  See Fourth Am. Compl. at 1.  In the 2015 CCHRO / EEOC Complaint, Koenig incorporates the substance of his 2012 CCHRO / EEOC Complaint and, in so doing, incorporates the bulk of the factual allegations that he asserts in the Fourth Amended Complaint.  See 2015 CCHRO / EEOC Compl. at 3-4; Fourth Am. Compl. at 2-10.  In the 2015 CCHRO / EEOC Complaint, Koenig asserts that the City took an adverse employment action against him "including, but not limited to a suspension."  2015 CCHRO / EEOC Compl.

at 5.  In the Fourth Amended Complaint, Koenig claims that the City engaged in an adverse employment action against him by suspending him for two weeks without pay.  See Fourth Am. Compl. at 9.  Lastly, in the 2015 CCHRO / EEOC Complaint, Koenig asserts that the City, inter alia, "subjected me to discrimination and adverse employment action because of my disability or that it perceives me as disabled."  2015 CCHRO / EEOC Compl. at 6.  In the Fourth Amended Complaint, Koenig claims that the City discriminated against him on account of his disability.  See Fourth Am. Compl. at 1.

"The purpose of [the] exhaustion requirement is to provide notice to the defendant and to encourage conciliation and voluntary compliance."  Diggs v. Town of Manchester, 303 F.Supp.2d 163, 186 (D. Conn. 2004) (citing Butts, 990 F.2d at 1401).  The significant overlap between the claims made in Koenig's 2015 CCHRO / EEOC Complaint and those made in the Fourth Amended Complaint support the conclusion that the City had adequate notice of Koenig's complaints, and that the purposes underlying the exhaustion requirement have been realized.  For these reasons, the court concludes that Koenig has exhausted his administrative remedies, and the City's Motion to Dismiss is denied.

**V.    CONCLUSION**

For the foregoing reasons, the Motion to Dismiss (Doc. No. 60) is **DENIED**.

**SO ORDERED**.

Signed at New Haven, Connecticut this 1st day of April 2016.


/s/ Janet C. Hall
Janet C. Hall
United States District Judge

6